# EXHIBIT 5



May 15, 2025

<u>Via Email to pcarrillo@novaresteam.com</u>
Patricia Carrillo
Business Manager
Novares

Re:   *Notice of Breach of Contract and Demand for Adequate Assurances of Performance*

Dear Ms. Carrillo:

As counsel for Sogefi Group ("Sogefi"), we are writing in follow-up to your recent email communications to Sogefi regarding a cessation of shipments unless Sogefi agrees to an unwarranted price increase demand. As Sogefi has explained, Novares is not entitled to any price increase and is instead bound to the firm pricing in its contracts with Sogefi. Novares has now stopped shipments unilaterally under those contracts, and thus Novares is in breach and liable for all resulting damages, costs, and fees.

Novares (formerly known as Miniature Precision Components) and Sogefi's supply relationship is governed by fixed-price, long-term, requirements contracts memorialized as Contracts of Supply Numbers 130511, 191525 and 192000. Those Contracts of Supply incorporate Sogefi's General Purchasing Terms and Conditions. And those terms require Novares to supply Sogefi with all of Sogefi's requirements for the automotive components at issue for the "vehicle manufacturer's program production life" and at the "firm fixed price" contained in the contracts. Those terms likewise do not allow Novares to unilaterally increase the part price for any other reason.

When Novares recently approached Sogefi about price adjustments, Sogefi indicated a willingness to discuss potential contract amendments to adjust pricing in good faith, requesting evidence of any purported cost changes that would justify Novares's demands. In response, however, Novares has refused to share cost breakdowns and instead insisted on massive price adjustments due only to Novares's change in corporate management, and without that price increase it would stop shipments. Novares has now followed through on that threat and stopped shipments. There is no legal justification for such bad faith conduct.

Additionally, as Sogefi has explained on multiple occasions, several of the parts at issue are directed buys from Sogefi's customers. With respect to these parts, and as Novares knows,

**Michael G. Brady | Partner**
D 313.546.6032
E mbrady@wnj.com
2715 Woodward Avenue, Suite 300
Detroit, MI 48201

Patricia Carrillo
May 15, 2025
Page Two

Novares negotiates and sets prices with Sogefi's customers directly. Thus, Sogefi could not unilaterally alter these tri-party agreements even if it wanted to.

     Novares's retaliation for Sogefi's refusal to agree to enormous and unjustified price increases will result in a shutdown of supply of products to Sogefi. This is a breach of the parties' agreements, for which Novares would be wholly responsible for all resulting damages, costs, and fees. This breach will cause catastrophic and irreparable consequences. As you know, Novares's failure to supply Sogefi's requirements will result in a product line shutdown at Sogefi, and very soon thereafter, at Sogefi's customers. The damages that will ensue from such an ongoing failure by Novares will be immeasurable and irreparable to Sogefi, its customers, and the supply chain more broadly. To the extent any damages are measurable, Novares would be liable for the entirety of these damages under the parties' agreements.

     Given the imminent harm that will be caused by Novares's anticipatory breach, Sogefi demands that Novares provide adequate assurance in writing that it will abide by its contractual obligations and continue to supply the parts at issue to Sogefi in the quantities and at the times specified by Sogefi and at the prices provided in the contracts. **Please provide these adequate assurances to me in writing no later than 5:00 p.m. EST, Friday, May 16, 2025.**

     Should Novares withdraw its unjustified pricing demands and continue its supply obligations under the parties' agreements, Sogefi remains ready and willing to discuss pricing in good faith.

     This letter is issued with a full reservation, and without waiver, of all of Sogefi's rights and remedies under the parties' agreement and at law, in equity, or otherwise. This includes a full reservation of Sogefi's right to seek reimbursement for all of its attorneys' fees.

                                                           Very truly yours,

                                                           Michael G. Brady


cc:     Adam Ratliff, Warner Norcross and Judd LLP